## Mary Coots *v.* A. C. Turner.

**Bils and Notes—Claim of Payments.**

> A claim of payment on a note, to be applied on another note of a different amount, to be thus transferred, must be proved absolutely, and not by a contrariety of evidence.

APPEAL FROM MADISON CIRCUIT COURT.

March 3, 1870.

OPINION OF THE COURT BY JUDGE HARDIN:

The credit for the price of two horses and one cow claimed by the defendant in addtion to those admitted by the petition, were properly allowed, the reply of the plaintiff devolving the burden on him of showing they had been accounted for, which he failed to do. The court also properly refused to allow the plaintiff the sums paid Bennett and Kanatzer, as they were not claimed in the petition. There is no ground of reversal on the cross appeal. But the judgment for the plaintiff cannot be sustained. The execution and delivery of the note for $130 dated March 29, 1865, was denied, and the admitted credits endorsed upon it, were claimed by the defendants as payments on the note of $149.59 and of the execution if the note was not established, the court

should have so applied the credits and rejected the note of $130. The testimony of Heatherman and the plaintiff's sons, conduces vaguely to prove an admission of the existence of the note as a genuine obligation. But the statements of the defendant, if correctly reported may have related to the note of $149.59, mis-described as for $130. And there are other reasons which represent the presumption of the validity of the note. It is improbable that the plaintiff would have loaned defendant $130, and taken an unattested note for it, signed only by her mark, and that too without any means of proving the loan of the money which the note expresses to have been the consideration. But the mortgage itself repels the idea of the validity of this note. It describes the indebtedness of the defendant as "the *debt* that I now owe him." Thus but *one debt* is indicated, but if this $130 note is genuine, the plaintiff must have held two debts upon her —the $130 debt, and that for $149.59.

Thus weakened and rebutted, the slight evidence tending to prove the execution of the note is deemed insufficient, and the court should have rejected the note of $130, and trusted the payments endorsed upon it as having been made on the other note. and adjusted the rights of the parties accordingly. The allowance to the commissioner seems to be exorbitant, for the probable service to be rendered by him, a reasonable compensation only should have been provided.

Wherefore the judgment is reversed on the appeal, and the cause remanded for a judgment not inconsistent with this opinion and on the cross appeal the judgment is *affirmed.*

*Bennett & Walker, for appellant.*

*Turner, for appellee.*